UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KEVIN LEE BLACK,                                                               Case No. 2:19-cv-00741-MC

               Petitioner,                                        OPINION AND ORDER

      v.

JERI TAYLOR, Superintendent,

               Respondent.

_____

MCSHANE, District Judge.

      Petitioner brings this federal habeas action pursuant to 28 U.S.C. § 2254 challenging his convictions for numerous theft and burglary offenses. Petitioner contends that his trial counsel rendered constitutionally ineffective assistance by failing to move for the suppression of evidence seized from petitioner's car after his arrest. Petitioner's claim was denied in a state court decision entitled to deference, and the Petition is DENIED.

Page 1   - OPINION AND ORDER

BACKGROUND

On January 19, 2012, Eugene Police Department officers responded to a reported residential burglary involving the theft of numerous items, including an electronic tablet and a laptop computer. Resp't Ex. 116 at 4. The electronic devices were installed with location-tracking software and the owner had determined they were located at or near a duplex in Springfield, Oregon. *Id.*

Officers arrived at the duplex and noticed an Oldsmobile Alero parked on the street. *Id.* at 5. Inside the car, officers saw several bags, jewelry, and a hardback book that the burglary victims had identified as stolen. *Id.* One of the duplex residents, Jeffery Wedekind, eventually consented to a search of the home and told officers that his wife had recently been "hanging out" with petitioner and another man. *Id.* During the search, officers found and seized additional items reportedly stolen from the burglary victims. *Id.* at 5-6.

Officers asked about the owner of the Alero, and Wedekind told them that it belonged to petitioner. Officers determined that the Alero was registered to Pamela and Oscar Garrison and had been "on loan" to petitioner since December 2011. Resp't Ex. 116 at 6. After obtaining a search warrant for the Alero, officers found and seized stolen items connected to eight residential burglaries. *Id.* 6-7.

Officers could not locate petitioner, and his parole officer informed them that she was seeking an arrest warrant because petitioner "was non-compliant with the conditions of his supervision and she did not know where to locate him." *Id.* at 10. Ultimately, a warrant was issued for petitioner's arrest.

On the morning of February 7, 2012, Officer McGuire of the Eugene Police Department responded to a report of suspicious circumstances at a McDonald's parking lot. According to an

Page 2    - OPINION AND ORDER

anonymous caller, two individuals appeared to be exchanging coins and gold jewelry stored in a safe inside an Oldsmobile Alero. Resp't Ex. 114 at 4; *see also* Resp't Ex. 123. After arriving at the scene, Officer McGuire ran a records check on the license plate of the Alero and learned that petitioner was associated with the vehicle and had a warrant for his arrest. Resp't Ex. 114 at 4. Officer McGuire also reviewed a photograph of petitioner obtained from a police database. After following the Alero for a short time, Officer McGuire pulled it over for suspected traffic infractions. *Id.*

Officer McGuire recognized petitioner as the driver of the Alero and took him into custody. *Id.* After obtaining petitioner's consent, Officer McGuire reviewed petitioner's identification to confirm he was the subject of the arrest warrant. Resp't Ex. 123 at 6. The Alero was unlawfully parked in the middle of a parking lot, and officers conducted an inventory search of the vehicle before it was towed. Resp't Ex. 114 at 5. Officers discovered controlled substances and stolen items connected to numerous burglaries. *Id.* at 5-8.

A grand jury eventually indicted petitioner on fifteen counts of Burglary in the First Degree, one count of Attempted Burglary in the First Degree, eight counts of Theft in the First Degree, eight counts of Theft in the Second Degree, seven counts of Identify Theft, two counts of unlawful possession of burglary tools or theft devices, and one count of unlawful possession of methamphetamine. Resp't Ex. 102. The State also gave notice of several aggravating factors that could increase petitioner's potential sentence. Resp't Ex. 118.

On June 8, 2012, petitioner pled guilty to all forty-two counts charged in the indictment in exchange for the State's agreement that it would not seek more than 300 months of imprisonment. Resp't Ex. 103. At sentencing, the court imposed the recommended sentence of 300 months. Resp't Ex. 104 at 87-88; Resp't Ex. 101.

After an unsuccessful direct appeal, petitioner sought post-conviction relief (PCR) on grounds of ineffective assistance of counsel. Specifically, petitioner alleged that trial counsel failed to seek the suppression of evidence seized during the second search of the Alero and failed to ensure petitioner's plea was knowing and voluntary. Resp't Ex. 111. The PCR court denied both claims. Resp't Ex. 126. On appeal, petitioner challenged the denial of his claim alleging counsel's failure to file a suppression motion. Resp't Ex. 127. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 130, 131.

On May 9, 2019, petitioner filed the instant habeas action.

## DISCUSSION

In this federal habeas action, petitioner claims that trial counsel was ineffective by failing to seek the suppression of evidence seized from the Alero on February 7, 2012.[1] Respondent argues that habeas relief should be denied because the PCR court reasonably rejected this claim and its decision is entitled to deference.

A federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in state court, unless the state court ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" established federal law if it fails to apply the correct Supreme Court authority, or if it reaches a different result in a case with facts "materially indistinguishable" from relevant Supreme Court precedent. *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams v. Taylor*, 529

---

[1] Petitioner also alleges that counsel was ineffective by failing to ensure that petitioner's plea was knowing and voluntary. Pet. at 6 (ECF No. 1). However, petitioner concedes that this claim is barred from federal review by procedural default because he did not fairly present it to the Oregon courts. Pet'r Brief at 9, n.8 (ECF No. 41); 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam); *Coleman v. Thompson*, 501 U.S. 722, 732, 735 n.1 (1991).

U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" of clearly established federal law if the state court identifies the correct legal principle but applies it in an "objectively unreasonable" manner. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam); *Williams,* 529 U.S. at 407-08, 413.

Under the well-established precedent of *Strickland v. Washington*, 466 U.S. 668 (1984), a habeas petitioner alleging the ineffective assistance of counsel must show that 1) "counsel's performance was deficient," and 2) counsel's "deficient performance prejudiced the defense." *Id.* at 687. To establish deficient performance, petitioner "must show that counsel's representations fell below an objective standard of reasonableness." *Id.* at 688. To demonstrate prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Unless petitioner "makes both showings, it cannot be said that the conviction...resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

During his PCR proceeding, petitioner argued that counsel should have filed a motion to suppress on grounds that Officer McGuire unlawfully arrested petitioner prior to confirming his identify and the search of the Alero arose from petitioner's unlawful arrest. Resp't Ex. 112 at 10-11. In rejecting petitioner's claim, the PCR found:

> Petitioner failed to prove that his attorney was ineffective for failing to file a motion to suppress. Petitioner's case was resolved by plea negotiations. In Lane County, filing a motion to suppress marks the end of plea negotiations. There was no need to file a motion to suppress.
>
> In addition, Petitioner failed to prove prejudice because there was no basis for a motion to suppress. The officer pulled Petitioner's vehicle over for a traffic violation. He was aware that Petitioner was associated with the vehicle and that there was an outstanding warrant for Petitioner's arrest. The officer had a photo of Petitioner and identified Petitioner when he got out of the vehicle. The officer asked Petitioner his name and confirmed his identity. A motion to suppress would have been unsuccessful.

Resp't Ex. 126 at 2. Based on the evidence of record, the PCR court's decision was not an objectively unreasonable application of *Strickland*.

As noted by the PCR court, petitioner's counsel explained that he did not move to suppress evidence seized from the Alero because filing a motion to suppress in Lane County "signals the end of negotiations" and petitioner was "desperate to settle throughout the pendency of his case." Resp't Ex. 121 at 2-3. Further, counsel believed a suppression motion would be futile because police officers "knew precisely who petitioner was, and they knew his car. He was sought in connection with a series of Burglaries, and he was on their radar." *Id.* at 3. Indeed, the record reflects that Officer McGuire confirmed petitioner's identity and the validity of the arrest warrant before officers conducted an inventory search of the Alero. Resp't Exs. 114, 123. In light of this record, the PCR court reasonably found no deficiency arising from the failure to file an unmeritorious motion that would have interfered with petitioner's stated interests in settlement. *See, e.g.*, *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) (stating that "the failure to take a futile action can never be deficient performance"); *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994) (accord).

Petitioner next argues that the PCR court applied the incorrect legal standard when it found that petitioner suffered no prejudice. To establish prejudice in the context of a guilty plea, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Petitioner maintains that the PCR court relied on the perceived success of a suppression motion and failed to consider the likelihood petitioner would have chosen to stand trial if counsel had filed the motion. Petitioner maintains that he can establish prejudice because "filing the suppression motion would have resulted in the case going to trial." Pet'r Brief at 15.

Page 6    - OPINION AND ORDER

However, based on the evidence of record, the PCR reasonably found that petitioner wanted to resolve the charges through a plea agreement rather than a trial, and an unsuccessful motion to suppress would have terminated the plea negotiations. Given these findings, petitioner fails to show that but for counsel's alleged deficiency, he would have "insisted" on a trial and a different "outcome of the plea process." *Hill*, 474 U.S. at 59.

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED and this case is DISMISSED. A Certificate of Appealability is denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

DATED this 9th day of September, 2021.

s/ Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge